**SO ORDERED.**

**DONE and SIGNED February 4, 2015.**



_____
JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUSISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| Odell H. Palmer | § § | Case Number: 14-12801 |
| Debtor | § § | |
| Chapter 13 | § § | |

### ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO WAIVE APPEARANCE AT CONFIRMATION AND 341 HEARING AND SETTING SHOW CAUSE HEARING

The matter is before the Court on the debtor's Ex-parte Motion to Waive Appearance at Confirmation and 341 Hearing (Docket No. 18). The Court originally declined to sign the Ex-parte Order and set the motion for hearing. Thereafter, the Chapter 13 Trustee's Objection (Docket No. 20) was filed. The Court held the scheduled hearing on the motion on February 2, 2015. For the following reasons, the Court grants the motion in part, and denies it in part.

This Chapter 13 case was filed on November 25, 2014, and the initial 11 USC § 341 meeting of creditors was scheduled for January 12, 2015. The debtor did not attend this meeting, and has not yet attended a meeting of creditors; therefore, the meeting has been rescheduled to the future date of March 6, 2015. On January 26, 2015, the debtor filed her Ex-parte Motion to Waive Appearance at Confirmation and 341 Hearing (Docket No. 18). The debtor's motion alleges that she is unable to attend a creditors meeting and is incompetent and physically infirm. She states she has appointed Sharda L. Hart as her power of attorney to appear in court on her behalf to ensure a successful bankruptcy.

At the hearing on this motion, Sharda L. Hart testified that she was the debtor's granddaughter and that her grandmother is 83 years old. The Court finds Ms. Hart a credible witness with deep concerns regarding her grandmother's care. She appears to be her only caregiver. She further testified that the debtor had suffered a stroke on September 19, 2014. She then testified that the debtor was bedridden, was partially paralyzed, immobile in bed, currently in a rehabilitation hospital, unable to hold a conversation for more than five minutes, that she would not be responsive on a telephone call and was only partially responsive in person. While the Court does not find that the debtor is *non compos mentis*, there is a strong suggestion that she is in a confused state. For these reasons, the debtor is requesting this Court waive her appearance at the § 341 meeting of creditors as well as the confirmation hearing.

In her objection, the Chapter 13 Trustee argues that, pursuant to 11 U.S.C. § 341(a), meetings of creditors are under the exclusive control of the United States Trustee. She further argues that bankruptcy courts do not have jurisdiction regarding the scheduling of meetings of creditors, nor do they have jurisdiction to waive a debtor's presence at a meeting of creditors. Further, the Trustee argues that 11 U.S.C. § 343 unequivocally states "[t]he debtor shall appear

and submit to examination under oath at the meeting of creditors…" Her argument is this section mandates debtors appear at the § 341 meeting without exception. The Trustee does concede in her pleading that her policy in the past has been to allow debtors who cannot attend the § 341 meeting have an authorized representative appear as long as she is provided medical information to support the request.

At the hearing, counsel for the Trustee introduced two case in support of her objection, neither of which are binding on this Court. The cases are *In re Agan*, 285 B.R. 324 (Bankr. W.D. Okla. 2002) and *In re Keiser*, 204 B.R. 697 (Bankr. W.D. Tex. 1996). In *Agan*, the court found that the plain language of § 343 required the debtor appear at the meeting of creditors. *In re Agan*, 285 B.R. at 325. Further, unlike other places in the Bankruptcy Code, § 343 does not grant bankruptcy courts discretion to waive the requirement. *Id*. at 326. In *Keiser*, the bankruptcy court similarly held that the § 341 meeting is not waivable. 204 B.R. at 700. However, that court also stated it would be willing to accommodate several alternative forms of "appearance" such as having an agent appear on behalf of the debtor, or appearing by way of affidavit. *Id*.

However, there are other cases finding bankruptcy courts do have the authority to waive a debtor's appearance at a § 341 meeting of creditors. This Court finds the reasoning in these cases more persuasive. One court stated the following:

> [I]t would be absurd to construe the mandatory language of § 343 to mean that the Court lacks any discretion to excuse appearance, because § 109 concerning eligibility and § 727 concerning denial of discharge include no requirement of appearance at the §341 meeting which suggests that Congress did not intend to "strip the bankruptcy court of all discretion to excuse an individual debtor's appearance at a § 341 meeting, at least where such appearance would be impossible or utterly pointless."…[T]he Bankruptcy Code and the FRBP are silent as to the manner in which such appearances must be made, i.e., whether in person or by some alternative means such as telephone or video transmission…Where, as here, there may be no real reason why a telephone or video meeting should not suffice, under the particular facts of this case, the courts should not elevate the requirement that a

>   debtor appear at a second § 341 meeting in a converted bankruptcy case into a moral
>   issue. *In re Henson*, 302 B.R. 884, 889-91 (Bankr. N.D. Cal. 2003).

Other courts have come to similar conclusions. *See, e.g., United States Trustee v. Vance*, 189 B.R. 386 (W.D. Va. 1995) (holding that the bankruptcy court had power to continue § 341 meeting under 11 U.S.C. § 105(a), and did not abuse discretion by doing so); *In re Bergeron*, 235 B.R. 641 (Bankr. N.D. Cal. 1999) (holding that bankruptcy courts can waive a debtor's appearance at creditors' meetings as adherence to the plain meaning of the statute would lead to absurd or impractical results).

This Court agrees with the holdings in these cases. It is apparent that Congress did not intend to remove bankruptcy courts' discretion to waive debtor's appearance at § 341 meetings. This is especially true in situations like the instant case, where the debtor's appearance at the meeting would be impossible. Therefore, this Court asserts it has authority to waive the debtor's personal appearance at the § 341 meeting.

Meetings under 11 USC § 341 should be conducted in person, whenever possible. There may be limited instances where a telephonic meeting would be acceptable, but only if there are no parties in interest with reasonable objections. It should be the extraordinary case where neither an in person nor telephonic § 341 meeting should not be held, and these cases should be limited to death or infirmity of the debtor such that oral testimony from the debtor(s) is not possible. In those extremely limited cases, a representative of the debtor, who has full and complete knowledge of the financial affairs of the debtor, must appear, be sworn and give testimony at the § 341 meeting. At the conclusion of the § 341 meeting, parties who are aggrieved by the lack of testimony of the debtor(s) have recourse to object to confirmation of the Chapter 13 plan.

The Court will therefore require a representative of the debtor attend the meeting and testify in the debtor's stead. That should not be difficult in this case as Ms. Hart has been granted a

comprehensive power of attorney, and she appears trustworthy and knowledgeable about the financial affairs of the debtor.

The debtor's granddaughter also testified that she had signed the petition, schedules and Chapter 13 plan by power of attorney for her grandmother, the debtor. The petition at docket #1, as well as all other documents except one, signed on behalf of the debtor by her power of attorney reflect an electronic filing styled "/s/ Odell H. Palmer." The only document not so signed is the Declaration Re: Electronic Filing of Petition, Schedules & Statement and Statement of Social Security Numbers(s) at docket #3 which reflects an original signature of Sharda Hart POA of Odell Hart. However, this document is restricted from unauthorized viewing as it contains personal identifiers of the debtor.

The Court is troubled by the electronic signature "/s/ Odell H. Palmer" on the original petition, schedules, Chapter 13 plan and any amendments thereof. The electronic signature gives the appearance and representation that the debtor, Odell H. Palmer, actually signed the documents. This is not the case as these schedules were not signed by the debtor and were in fact signed Sharda Hart POA of Odell Hart (the Court notes the original signature by the granddaughter omits the debtor's last name). The representation by debtor's counsel that the signature of Odell H. Palmer is the debtor's signature is false.

The Court finds the representation made by debtor's counsel, Glay H. Collier, II to be a violation of the Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means as Amended March 18, 2014, of the United States Bankruptcy Court for the Western District of Louisiana. These administrative procedures provide as follows:

> "VIII. SIGNATURES
> A. Use of the participant's login/password constitutes the participant's signature for all purposes for documents, which are required to contain original signatures

(B) provides that "Any document containing original signatures shall indicate on the electronically filed document a signature by noting - "/s/Jane Doe." The originally executed document shall be maintained by the filer.

By electronically filing a document, the debtor's counsel, Glay H. Collier, II, represented both his signature and the signature of the debtor Odell H. Palmer. Again, this representation was false. The Court finds that the documents filed in this case that show an electronic signature of "/s/ Odell H. Palmer' should correctly be electronically signed "/s/ Sharda Hart POA of Odell Hart Palmer" as the schedules were actually signed. The Court also finds that an appropriate electronic representation of the actual signature could either be "Odell H. Palmer by Power of Attorney" or "Odell H. Palmer by POA."

**THEREFORE, IT IS ORDERED** that the debtor's Motion to Waive Appearance is granted, in part, and the Court will waive the debtor's personal appearance at the continued §341 meeting of creditors.

**IT IS FURTHER ORDERED** that a representative of the debtor, who has full and complete knowledge of the debtor's financial affairs, must appear, be sworn and give testimony at the § 341 meeting of creditors.

**IT IS FURTHER ORDERED** that, to the extent the debtor's appearance is not statutorily required at the hearing on confirmation, the debtor's Motion to Waive Appearance as to the confirmation hearing is denied.

**IT IS FURTHER ORDERED** that Debtor's Counsel Glay H. Collier, II, shall within 180 days of the date of this order re-attend and participate in CM/ECF user training at the Clerk's Office for the United States Bankruptcy Court or the United States District Court and thereafter file a certificate of attendance in this case.

Should he fail to attend and/or fail to file a certificate of attendance of CM/ECF user training at the Clerk's Office for the United States Bankruptcy Court or the United States District Court, the debtor's counsel Glay H. Collier, II, is **ORDERED** to show cause why his electronic filing privileges should not be revoked. The show cause hearing is set for 9:30 a.m. on July 28, 2015.

###